UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIMON ABRAHMS,<br>*Plaintiff*,<br><br>v.<br><br>SIMON BAITLER,<br>*Defendant*. | No. 3:21-cv-01568 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Simon Abrahms ("Plaintiff" or "Mr. S. Abrahms") filed this lawsuit against Simon Baitler ("Defendant" or "Mr. Baitler") in Connecticut Superior Court, Judicial District of Hartford on October 31, 2021. Ex. 1 to Def.'s Notice of Removal, ECF No. 1-1 (Nov. 23, 2021) ("Compl."). On November 23, 2021, Mr. Baitler removed the case to this Court. Def.'s Notice of Removal, ECF No. 1 (Nov. 23, 2021) ("Notice of Removal").

Mr. S. Abrahms alleges that Mr. Baitler breached his fiduciary duty as Trustee of the Marc C. Abrahms Revocable Trust (the "Trust"). Compl. ¶¶ 7–10.

Mr. Baitler has now moved to dismiss the Complaint. Def.'s Mot. to Dismiss, ECF No. 13 (Dec. 23, 2021).

For the reasons explained below, the motion to dismiss is **GRANTED**.

Mr. S. Abrahms will have until **September 30, 2022** to seek leave to file an Amended Complaint.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

    A. **Factual Background**

Mr. S. Abrahms is allegedly a beneficiary of the Trust established by his father, Marc C. Abrahms (the "decedent" or "Mr. M. Abrahms"), who is now deceased. *See* Compl. ¶¶ 1, 5.

Mr. Baitler was allegedly appointed sole trustee of the Trust under the terms of both the Trust and Mr. M. Abrahms's Last Will and Testament (the "Will"). *Id*. ¶¶ 3–4. The Connecticut Probate Court allegedly formally appointed Mr. Baitler as Executor and Fiduciary of the Estate of Mr. M. Abrahms, and Mr. Baitler allegedly formally accepted the appointment. *Id*. ¶ 3. Under the terms of the Trust and Will, Mr. Baitler allegedly received a payment of $500,000 as compensation for serving as the Trust's sole trustee and an additional gift of $100,000. *Id*. ¶ 6.

The Trust allegedly contains specific provisions (the "Transfer Instructions") concerning the timing of the transfers and distributions of Trust assets and income to the beneficiaries, Mr. M. Abrahms's four children including Mr. S. Abrahms. *Id*. ¶ 5. The Transfer Instructions allegedly required Mr. Baitler to consider the age and maturity of the decedent's children at the time of any distributions, and to maximize the benefit to the decedent's children and minimize the risk of waste. *Id*. Mr. M. Abrahms referred to Mr. Baitler as "my friend" in both the Trust and Will, and entrusted Mr. Baitler to carry out the Transfer Instructions for the benefit of Mr. M. Abrahms's children and the protection of the assets. *Id.* ¶ 6.

Mr. Baitler allegedly violated the Transfer Instructions, as they related to Mr. S. Abrahms, and Mr. Baitler allegedly advanced his own interests to the detriment of Mr. Abrahms. *Id.* ¶ 7, 10. Mr. Baitler's conduct allegedly resulted in "the precise damages . . . that the Transfer Instructions were specifically designed to avoid." *Id.* ¶ 9. Mr. S. Abrahms allegedly suffered severe economic damages due to Mr. Baitler's alleged violation of the Transfer Instructions. *Id*. ¶ 10.

### B. Procedural History

On October 31, 2021, Mr. S. Abrahms filed a Complaint in the Superior Court of Connecticut. *See* Compl.

2

On November 23, 2021, Mr. Baitler filed a notice of removal in federal court. *See* Notice of Removal.

On December 23, 2021, Mr. Baitler filed a motion to dismiss, *see* Def.'s Mot. to Dismiss, ECF No. 13 (Dec. 23, 2021), and an accompanying memorandum of law, *see* Def.'s Mem. in Supp. ECF No. 14 (Dec. 23, 2021) ("Mot. to Dismiss").

On January 26, 2022, Mr. S. Abrahms filed a memorandum in opposition to Defendant's motion to dismiss. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, ECF No. 19 (Jan. 26, 2022) ("Opp'n").

On February 9, 2022, Mr. Baitler filed a reply memorandum in support of his motion to dismiss. *See* Reply Mem. of Def. in Supp. of Mot. to Dismiss, ECF No. 22 (Feb. 9, 2022) ("Reply").

On June 28, 2022, the Court ordered the parties to provide a status report regarding the progress of the case. *See* Order ECF No. 29 (June 28, 2022).

On July 1, 2022, Mr. Baitler filed a status report. *See* Def.'s Status Report, ECF. No. 31 (July 1, 2022).

On July 1, 2022, Mr. S. Abrahms filed a status report. *See* Pl.'s Status Report, ECF No. 32 (July 1, 2022).

On August 19, 2022, Mr. Baitler filed a motion for extension of time for discovery deadlines. Mot. for Extension of Time, ECF No. 34 (Aug. 19, 2022).

On August 26, 2022, the Court held a hearing on the pending motion to dismiss. Min. Entry, ECF No. 35 (Aug. 26, 2022).

## II. STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (second alteration in original) (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken," *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit," *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.  DISCUSSION

For a breach of fiduciary duty claim to succeed, a plaintiff must plead four elements: 1) "[t]hat a fiduciary relationship existed which gave rise to . . . a duty of loyalty[,] . . . an obligation . . . to act in the best interests of the plaintiff, and . . .an obligation . . . to act in good faith in any matter relating to the plaintiff"; 2) "[t]hat the defendant advanced his or her own interests to the detriment of the plaintiff"; 3) "[t]hat the plaintiff sustained damages;" and 4) "[t]hat the damages were proximately caused by the fiduciary's breach of his or her fiduciary duty." *Chioffi v. Martin*, 181 Conn. App. 111, 138 (2018) (quoting *Rendahl v. Peluso*, 173 Conn. App. 66, 100 (2017) (emphasis and internal quotation marks omitted)).

The parties only dispute whether the Complaint contains sufficient factual allegations of a breach, and therefore, this discussion focuses on the second element.

While the specific types of actions that may constitute a breach of fiduciary duty are not clearly defined under Connecticut law, the Connecticut Supreme Court has stated that "breach of a fiduciary duty implicates a duty of loyalty and honesty." *Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 57 (1998). To plead a claim of breach of fiduciary

5

duty, the plaintiff "must allege facts that would support a claim of fraud, self-dealing[,] or conflict of interest," such as "dishonesty, disloyalty[,] or immorality." *Hennessey v. McManus*, No. CV-10-6001205-S, 2010 WL 5030103, at *5 (Conn. Super. Ct. Nov. 8, 2010) (first citing *Sherwood v. Danbury Hosp.*, 278 Conn. 163, 196–97 (2006); and then citing *Memoli v. Galpin*, No. LLI-CV-04-4001269-S, 2006 WL 2002210 (Conn. Super. Ct. June 30, 2006)). "Self-dealing is defined as '[p]articipation in a transaction that benefits oneself instead of another who is owed a fiduciary duty.'" *Charter Oak Lending Grp., LLC v. August*, 127 Conn. App. 428, 442 n.9 (2011) (alteration in original) (quoting Black's Law Dictionary (9th Ed. 2009)), *cert. denied*, 302 Conn 901.

Mr. Baitler argues that the breach of fiduciary duty claim should be dismissed because the allegations in the Complaint are "vague and wholly conclusory." Mot. to Dismiss at 6. Mr. Baitler contends that dismissal is necessary because Mr. S. Abrahms's Complaint did not quote or describe the relevant provisions of the Trust and did not identify any conduct of Mr. Baitler that allegedly violated the Trust. *Id.* Mr. Baitler emphasizes that without any additional factual basis for the claim, he "is left to speculate" about what conduct was wrongful. *Id.* at 6–7.

Mr. S. Abrahms responds that the Complaint includes a sufficient factual basis for each of the elements of the breach of fiduciary duty claim and that he was not required to quote the specific provisions of the Trust in order to withstand a motion to dismiss. Opp'n at 2–4. Mr. S. Abrahms further argues that Defendant cannot claim that he is not on notice of the wrongful conduct because the Court can reasonably infer that Mr. Baitler is in possession of the Trust agreement, understands its provisions, and knows of the details of the disbursements that Mr. Baitler has effectuated as Trustee. *Id.* at 7.

The Court disagrees.

While the Court may be able to reasonably infer that Mr. Baitler, the court-appointed trustee, possesses and understands the Trust provisions, the Court cannot infer the specific details of the disbursements that are allegedly wrongful because the Complaint fails to allege whether any disbursements occurred at all. A breach of fiduciary duty claim concerning the timing of a disbursement of Trust assets, as Mr. S. Abrahms alleges here, *see* Compl. ¶ 5, 7, could reasonably relate to a disbursement that occurred too early or too late or, alternatively, a disbursement that failed to occur at all. Without any information related to the disbursements that have or have not occurred, the Court cannot infer that Mr. Baitler is on notice to the details of the disbursements relevant to Mr. S. Abrahms' breach of fiduciary duty claim. *See Arista Records*, 604 F.3d at 120 (stating that the complaint must contain "factual amplification . . . to render a claim plausible" (quoting *Turkmen*, 589 F.3d at 546)).

Mr. S. Abrahms asks the Court to rely on *Scott v. Scott*, No. HHB-CV-19-6050646-S, 2019 WL 6880025 (Conn. Super. Ct. Nov. 22, 2019), to find the Complaint has sufficient factual allegations, however, this case supports Mr. Baitler's argument. Even putting aside Mr. Baitler's argument that the pleading standard in *Twombly* and *Iqbal* requires more facts than the Connecticut state court pleading standard, the plaintiffs in *Scott* alleged facts that are missing here. More specifically, they alleged that the defendant improperly pursued life insurance, failed to pursue revenue belonging to the Trust, failed to distribute funds and property as required under the Trust, and charged excessive fees. 2019 WL 6880025, at *2. They clearly alleged the specific transactions at issue, including that a distribution failed to occur. Here, Mr. S. Abrahms has failed to allege whether his claims relate to early disbursements, late disbursements, or a failure to disburse funds at all.

Moreover, even if there were sufficient facts in the Complaint to infer that Mr. Baitler was aware of the disbursements at issue, there are insufficient factual allegations outlining how Mr. Baitler's conduct was in Mr. Baitler's self-interest and in derogation of the interest of the Trust beneficiaries. *See Laboy v. Bd. of Trs. of Bldg. Serv.*, 513 F. App'x 78, 80 (2d Cir. 2013) (finding that the poor result of a single investment cannot sustain a breach of fiduciary duty claim, particularly where there were no specific allegations of self-dealing or conflict of interest). The Complaint states that Mr. Baitler "advanc[ed] his own interests to the detriment of the Plaintiff," but Plaintiff does not provide additional facts to support this assertion, Compl. ¶ 9. While Mr. S. Abrahms is not required to plead detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678.

As a result, the Court cannot find that Plaintiff's claims "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Absent allegations concerning the transactions at issue and Mr. Baitler's self-interested conduct, Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible." *Id.* at 570.

Accordingly, the Court will grant Defendant's motion to dismiss.

## IV.    CONCLUSION

For the reasons explained above, the motion to dismiss is **GRANTED**.

Mr. S. Abrahms will have until **September 30, 2022** to seek leave to file an Amended Complaint.

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of August, 2022.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge